IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ELIZABETH DIANE DOWNS,                                    CV 04-6215-MA

                Petitioner,                        OPINION AND ORDER

    v.

MICHAEL MCGEE, et. al.,

                Respondents.

C. RENEE MANES
Assistant Federal Public Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

      Attorney for Petitioner

HARDY MYERS
Attorney General
YOULEE YIM YOU
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301-4096

      Attorneys for Michael McGee and Hardy Myers

BILL LOCKYER
Attorney General of the State of California
ROBERT R. ANDERSON
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
STEPHEN P. ACQUISTO
Supervising Deputy Attorney General
PAMELA B. HOOLEY
Deputy Attorney General
P.O. Box 944255
Sacramento, CA  94244-2550

     Attorneys for Gloria Henry

MARSH, Judge:

     Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, petitioner's amended habeas corpus petition (Doc. #6) is denied.

## BACKGROUND

     In 1984, petitioner was convicted of murdering one of her children, and attempting to murder two of her other children on May 19, 1983.  Resp. Ex. 101.  She was sentenced as a dangerous offender, pursuant to Oregon Revised Statute (ORS) 161.725(1), to the following consecutive sentences: life imprisonment with a five-year gun minimum on the murder conviction; 30 years imprisonment with a 15-year minimum for one count of attempted murder; and, 20 years imprisonment with a 10-year minimum on the other count of attempted murder.  _Id_.

On April 3, 1985, the Oregon Board of Parole and Post-Prison Supervision (the Board) issued an order establishing petitioner's parole consideration date of February 17, 2009.  Resp. Ex. 102. Then, in 1987, petitioner was convicted of Escape in the First Degree and sentenced to five years imprisonment to be served consecutively to her other sentences.  Resp. Ex. 101.

On June 23, 1999, the Board issued Board Action Form #6, in which it denied petitioner's request for an early parole consideration hearing, after considering a letter from Terry Kupers, M.D., opining that petitioner does not suffer from the kind of personality disorder that would make her "dangerous" or "violence-prone."  Resp. Ex. 103.  It clarified that petitioner's parole consideration date was March 9, 2009, and that a parole consideration hearing would be held in January, 2009.  Id.

On July 16, 1999, petitioner again requested an early parole consideration hearing.  Resp. Ex. 125, Attach. 11.  On September 10, 1999, the Board denied this request in Board Action Form #7, stating that the information submitted "does not give reasonable cause to believe that the dangerous condition is in remission." Resp. Ex. 104.  Petitioner did not request administrative review of this decision.

On February 11, 2000, petitioner again requested an early parole consideration hearing.  Resp. Ex. 123, Attachs. 2-3.

Included in this request was a letter from Raymond Middleton, the warden of the Valley State Prison for Women, setting forth petitioner's institutional behavior record.  Resp. Ex. 123, Attachs. 5-6.  On February 28, 2000, the Board denied this request in Board Action Form #8, stating that the material submitted did not warrant an early parole consideration hearing. Resp. Ex. 106.  Petitioner filed a request for administrative review, which the Board denied on April 25, 2000, and mailed on May 4, 2000.  Resp. Ex. 107.

On May 25, 2000, petitioner filed a state habeas corpus petition in Marion County Circuit Court, Case No. 00C14614. Resp. Ex. 123.  That same day, the court *sua sponte* dismissed the case for lack of jurisdiction because petitioner was not an inmate in an Oregon prison.  Resp. Ex. 124.  Petitioner appealed, and respondents moved for summary reversal agreeing that the state court did indeed have jurisdiction.  Resp. Ex. 132.  The Oregon Court of Appeals agreed with the parties, and remanded the case to the trial court.  Resp. Ex. 137.

On remand, petitioner filed a First Amended Petition for Writ of Habeas Corpus.  Resp. Ex. 138.  On June 6, 2002, the court denied the petition without prejudice on the ground that petitioner failed to "allege sufficient facts necessary to invoke habeas corpus relief."  Resp. Ex. 142.  Petitioner appealed to

the Oregon Court of Appeals, which affirmed without opinion.
Resp. Ex. 150. She then submitted a petition for review to the
Oregon Supreme Court, which ultimately denied review on April 20,
2004. Resp. Ex. 149. The appellate judgment issued on June 7,
2004. Resp. Ex. 150.

On January 29, 2002, during the pendency of petitioner's
first proceeding, she filed a second habeas corpus petition in
Marion County. Resp. Ex. 108. The court granted respondent's
motion to dismiss on June 6, 2002 (Resp. Ex. 113) and the Oregon
Court of Appeals affirmed without opinion on January 7, 2004.
Resp. Ex. 118. The Oregon Supreme Court denied review on April
20, 2004. Resp. Ex. 117. The appellate judgment issued on June
7, 2004. Resp. Ex. 118.

Petitioner filed her federal habeas corpus petition in this
court on or about July 2, 2004.[1] Petitioner contends that she
has met the conditions for both a parole consideration hearing
and release on parole under Oregon law, so that the Board's
refusal to grant her a parole consideration hearing and parole
violates her constitutionally protected liberty interests. Doc.
# 46 at 1.

---

[1] Petitioner filed her original habeas corpus petition on
July 2, 2004, although it was not received by this court until
July 6, 2004. Pursuant to the mailbox rule announced in Houston
v. Lack, 487 U.S. 266 (1988), we construe the date petitioner
mailed her petition to be the date the petition was filed.

On August 30, 2004, petitioner submitted an amended petition for writ of habeas corpus.  Doc. #6.

## DISCUSSION

**I.   Timeliness**

Under 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Section 2244's one-year limitation period "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court'...even if the petitioner challenges a pertinent administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004).  The limitation period for challenging administrative decisions begins to run on the date "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Id.  In habeas corpus proceedings challenging parole board decisions, the trigger date is the day after the Board's administrative review response is issued.  Id.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward the period of limitation.  See Carey v. Safford, 536 U.S. 214 (2002). A petition is "pending" during intervals between the time a lower

court denies the petition and the time petitioner files her
notice of appeal in a higher court, provided that the filing of
the notice of appeal is timely under state law.  Id. at 214.

In this case, the Board's final decision was issued on May
4, 2000.  Therefore, the one-year limitation period began to run
on May 5, 2000.  Respondents originally moved the court to
dismiss petitioner's habeas petition as untimely on the basis
that 643 days elapsed between the May 5, 2000 Board action
mailing date and the filing of petitioner's second state habeas
corpus proceeding.  In so doing, respondents made no mention of
petitioner's first state habeas petition, filed on May 25, 2000.
Doc. #22; Resp. Ex. 123.  In response, petitioner argued that the
limitations period was statutorily tolled during the first state
habeas proceeding until the entry of the appellate judgment in
that case on June 7, 2004.  Petitioner concludes that multiple
petitions, whether confusing or not, "do not preclude a federal
petition from being timely."  Doc. #28 at 10.  In reply,
respondents no longer raise a statute of limitations argument
against petitioner's May 25, 2000 petition, but argue that the
claims raised in petitioner's second petition are untimely.  Doc.
# 40 at 1.

Although I do not concur with petitioner's legal authority,
I do agree that the federal limitations period was tolled when

she filed her first habeas petition on May 25, 2000.  Under
Tillema v. Long, 253 F.3d 494, 502 (9th Cir. 2001), the federal
statute of limitation "is tolled during the pendency of a state
application challenging the pertinent judgment, even if the
particular application does not include a claim later asserted in
the federal habeas petition."  Thus, despite the fact that
petitioner's first habeas petition may not have raised all the
claims raised in the instant proceeding, it nevertheless tolled
the limitations period, and tolling did not end until the Oregon
Supreme Court denied review.

     The filing of petitioner's second, overlapping state habeas
petition had no affect on her already pending application.  Under
Delhomee v. Ramirez, 340 F.3d 817, 820 (9th Cir. 2003), the
"period that an application for post-conviction review is pending
is not affected or 'untolled' merely because a petitioner files
additional or overlapping petitions before it is complete."

     In this case, 21 days accrued between the final Board action
on May 5, 2000, and the filing of petitioner's first habeas
corpus petition on May 25, 2000.  In addition, approximately one
month accrued between the appellate judgment in both state habeas
cases and the filing of the instant proceeding.  Thus, less than
two months of the one-year statute of limitations period have
elapsed.  Accordingly, the petition is timely.

**II.  Procedural Default**

    **A.  Legal Standards**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief.  See 28 U.S.C. § 2254(b)(1).  To satisfy the exhaustion requirement, a prisoner must fairly present his federal claims to the state courts.  Baldwin v. Reese, 541 U.S. 27, 29 (2004); Casey v. Moore, 386 F.3d 896, 911 (9th Cir. 2004). Federal claims must be presented in a procedural context in which their merits will be considered.  Castille v. Peoples, 489 U.S. 346, 351 (1989).

When a state prisoner has failed to exhaust her federal claims in a state court and the state court would now find the claims procedurally barred under applicable state rules, federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or that the failure to consider the claims will result in a miscarriage of justice.  O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Gray v. Netherland, 518 U.S. 152, 161-62 (1996); Coleman v. Thompson, 501 U.S. 722 (1991).

    **B.  Ground One**

In ground one, petitioner purports to limit her claim,
stating that her "true complaint" is that "the Board refused to
conduct an early parole consideration hearing when Dr. Terry
Kupers, a psychiatrist, tendered a letter declaring Petitioner to
be not dangerous," and that the Board's failure to do so
"deprived [her] of her Constitutional Right to Due Process under
the Fourteenth Amendment."  Doc. # 2 at 14.  However, she
maintains throughout her petition and supporting memoranda that
she is innocent of the offenses for which she was convicted and
that she was wrongly sentenced as a dangerous offender.  See Doc.
#2 at 14; Doc. #46 at 15.  She asserts that she could not be
sentenced as a dangerous offender and receive minimum sentences.
Id. at 12.  She contends she was "entitled to a parole
consideration hearing under her regular 'matrix' date, and not
the date calculated based on the mandatory minimum sentence
imposed as a result of the 'dangerous offender' designation."
Id.  She also argues that the fact she "should never have been
sentenced under ORS 161.725 in the first place," together with
Dr. Kupers' letter, is reasonable cause to believe she is not
dangerous.  Doc. #2 at 14.

Respondents argue that to the extent petitioner is
attempting to challenge her dangerous offender sentence, her
minimum sentence, the fact that she received a dangerous offender
sentence and a minimum sentence at the same time, "or any other

aspect of her sentence," such claims are procedurally barred because she did not raise them on direct review.

I concur with respondents that all claims challenging petitioner's conviction, sentence, dangerous offender designation, or any other aspect of her sentence are procedurally defaulted, and she is barred from raising them here. Accordingly, I address petitioner's contention that "any possible procedural bar is excused under either the actual innocence gateway established in Schlup v. Delo, 513 U.S. 298 (1995), or under the "cause and prejudice" standard of Murray v. Carrier, 477 U.S. 478 (1986)."

### 1. Cause and Prejudice

To establish cause for failing to exhaust her claims in state court, petitioner must show that some objective factor external to the defense prevented her from raising her claims on direct appeal. Murray, 477 U.S. at 479. Thus, "cause," in this context is an external impediment such as governmental interference or reasonable unavailability of a claim's factual basis. High v. Ignacio, 408 F.3d 585, 590 (9th Cir. 2005).

Petitioner argues that she could not have challenged her "dangerous offender" designation on direct review because the evidence supporting her instant claim was not available at the time she was sentenced. Doc. # 46 at 21. The evidence she claims is "relevant to the question of whether [she] was properly

classified as a 'dangerous offender'" is Dr. Kupers' letter, the

warden's letter, and "recently discovered proof that the State

withheld critical evidence at the time of trial." Id.

Petitioner points to the following attachments to her original

petition as proof that the state withheld evidence at her trial:

> Appendix 3:  A July 16, 1999 letter from petitioner to the
> Board, requesting an early parole consideration hearing,
> with Dr. Kupers' letter attached.
>
> Appendix 5:  A February 11, 2000 letter from petitioner to
> the Board requesting an early parole consideration hearing,
> with the warden's letter attached.
>
> Appendix 13:  Affidavits of Clayton Nysten, William
> Teesdale, Sandy Capps, Cecilia Nysten, Roxy Ann Haynes,
> Phyllis Haynes, Teresa Nyjordet, and Janet Rexroad,
> variously claiming that a man named James Claire Haynes
> confessed that he shot petitioner's children.
>
> Appendix 14:  Affidavit of William Teesdale claiming that in
> 1998, while investigating claims made by petitioner in a
> civil action, Detective Welch of the Lane County Sheriff's
> office told him that physical evidence relating to
> petitioner's criminal trial had been destroyed when in fact
> it had not.
>
> Appendix 17:  Affidavit of William Teesdale indicating that
> on September 17, 1998, Clayton Nysten told him James Claire
> Haynes was not a "patch holder" of the "Free Souls"
> motorcycle gang, but was involved in drug dealing with
> people who were.
>
> Appendix 20:  Note from Dr. Kupers dated June 13, 2002,
> stating "everything I wrote to you on 6/11/99 is still
> applicable and valid."

Assuming, without deciding, that this information is

reliable, petitioner still has not shown how it proves that the

state withheld crucial evidence at the time of her trial, or how

it is relevant to her original dangerous offender designation.
Moreover, petitioner has made no showing that some objective
factor external to the defense prevented her from developing this
type of evidence in time for direct review.  Accordingly,
petitioner has not shown cause or prejudice to excuse her
procedural default.

**2.  Actual Innocence**

The "miscarriage of justice" exception to procedural default
is limited to habeas petitioners who can show that "a
constitutional violation has probably resulted in the conviction
of one who is actually innocent." Schlup v. Delo, 513 U.S. 298,
327 (1995) (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).

To demonstrate actual innocence petitioner must show "that
it is more likely than not that no 'reasonable juror' would have
convicted [her]" of the offense she was found guilty of had they
been appraised of the new evidence. Schlup, 513 U.S. at 329; Van
Buskirk v. Baldwin, 265 F.3d 1080, 1084 (9th Cir.2001), cert.
denied, 535 U.S. 950 (2002).

Petitioner argues that she is "actually innocent of any
'dangerous offender' determination," as evidenced by the above
referenced attachments to her original petition.  However,
neither the Ninth Circuit nor this court has expanded the actual
innocence exception to permit a petitioner to attack a noncapital
sentence. See Gandarela v. Johnson, 286 F.3d 1080, 1085 (9th

Cir. 2001); <u>Dockery v. Thompson</u>, No. CV-00-1022-GMK (D.Or., Sep. 9, 2002), <u>aff'd</u>, 82 Fed. Appx. 552, 2003 WL 22783243 (9th Cir. 2003); <u>Jenkins v. Johnson</u>, 2006 WL 1185666 at 5 (D. Or., Jan. 13, 2006).  In any event, petitioner's evidence does not rise to the level necessary under <u>Schlup</u>.  Accordingly, her procedural default is not excused.

### C.  Ground Two

In ground two, petitioner contends the Board was required to conduct an early parole consideration hearing under O.A.R. 255-38-005(4)[2] and (5)[3] upon receipt of a letter from the warden of the facility where she is currently imprisoned, indicating that she has not been violent in prison.  In her amended petition petitioner acknowledges that O.A.R. 255-38-005(4) and (5) were repealed in 1993, and no analogous provisions existed in 2000. However, citing case law from several courts of appeal she argues that this court should uphold "the 1984 version of Statutes and

---

[2] Former OAR 255-38-005(4) provided that a prisoner sentenced as a dangerous offender may "request a parole consideration hearing prior to the earliest time the prisoner is eligible for parole or a two year review.  Should the Board find based upon the request that there is reasonable cause to believe the dangerous condition is in remission, the Board shall order a parole consideration hearing...".

[3] Former OAR 255-38-005(5) provided that "[s]upport for the application [for an earlier parole consideration hearing] from the superintendent of the institution in which the prisoner has been confined...shall be considered reasonable cause" to believe that the dangerous condition is in remission."

14 - OPINION AND ORDER

regulations in deciding this case." Doc. # 6 at 6. Finally, in her Sur-response petitioner contends that the Board's refusal to grant a hearing and parole violates her due process rights guaranteed by the Fourteenth Amendment. Doc. # 46 at 16.

Respondents aver that any *ex post facto* claims petitioner makes are procedurally barred because she did not raise, and therefore did not exhaust, such claims in state court. Doc. # 40 at 18. However, according to respondents, even assuming, *arguendo*, that O.A.R. 255-38-005(4) and (5) had not been repealed, the Board did not violate petitioner's due process rights by denying her request for an early parole consideration hearing because the warden's letter did not express support for her early release, it merely provided information in her file. Doc. #40 at 18.

Neither petitioner's first or second state habeas petition (Resp. Exs. 108, 123), nor her petitions to the Oregon Court of Appeals (Resp. Exs. 114, 144), and Oregon Supreme Court (Resp. Exs. 116, 148) mention *ex post facto* application of the law. Thus, I concur with respondents that petitioner is barred from raising an *ex post facto* claim here.

The warden's letter states that petitioner "requested that [she] submit a written review of her Central File to support her request for parole consideration." Resp. Ex. 108 at App. 2. It then lists six minor rules violations for which petitioner was

written up, concluding, "I can say that during her incarceration with CDC, Inmate Downs has no documented history of violent behavior." Id.

I agree with respondents that these statements do not clearly voice "support" for petitioner's application for an early parole consideration hearing. The warden's letter simply recites petitioner's disciplinary history while in the custody of the California Department of Corrections. Therefore, even if OAR 255-38-005(5) were in affect at the time petitioner submitted her request, the warden's letter did not clearly constitute reasonable cause to believe that petitioner's dangerous condition was in remission. Accordingly, the Board's denial of petitioner's request did not violate her due process rights. Petitioner is not entitled to habeas corpus relief under ground two.

**III. Merits**

Under 28 U.S.C. § 2254(e)(1), habeas corpus relief may not be granted on any claim that was adjudicated on the merits in state court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of the
> evidence presented in the State court proceeding.

A state court's determination of a factual issue "shall be presumed to be correct."  28 U.S.C. § 2254(e)(1).  Petitioner carries the burden of rebutting this presumption of correctness by clear and convincing evidence.  Id.  When applying the deference standard this court "looks through" to the "last reasoned" state court opinion as the basis for the state court's judgment.  Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th Cir. 2000).

A state court decision is not considered "contrary to" established Supreme Court precedent unless it "applies a rule that contradicts the governing law set forth in [Supreme Court cases]" or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."  Lockyer v. Andrade, 538 U.S. 63, 73 (2003).

A state court decision can be overturned for legal error only if the state court's application of Supreme Court case law was "objectively unreasonable."  Penry v. Johnson, 532 U.S. 782, 793 (2001).  Federal courts "may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable."  Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004).

**A.    Ground One**

Setting aside all claims and assertions challenging her conviction, sentence, or designation as a "dangerous offender" (see above), petitioner's remaining claim in ground one is that "the Board refused to conduct an early parole consideration hearing [under ORS 144.228(1)(c)] when Dr. Terry Kupers, a psychiatrist, tendered a letter declaring Petitioner to be not dangerous."  She argues that the Board's failure to do so "deprived [her] of her Constitutional Right to Due Process under the Fourteenth Amendment."

In her supporting memorandum petitioner asserts that if she were granted an early parole consideration hearing "the only reasonable determination based on the evidence would be that she is not a 'dangerous offender' under Oregon law, and is therefore entitled to be released on parole under the regular matrix date." Doc. #46 at 15.

Respondents' position is that the Board properly exercised its discretion in finding that reasonable cause did not exist to believe that petitioner is no longer dangerous, and in denying her request for an early parole consideration date.  Further, Respondents argue that under Smith v. Board of Parole & Post-Prison Supervision, 126 Or. App. 563, 566, 869 P.2d 878, 880 (1994), even if the Board had found reasonable cause to believe petitioner was no longer dangerous, conducted an early parole

consideration hearing, and determined that her dangerous
condition was in remission, it would not be required to override
petitioner's minimum sentence and release her.  Thus, according
to Respondents, the Board's decision not to grant an early parole
consideration hearing was not contrary to Supreme Court
precedent, nor an unreasonable determination of the facts.

"A prisoner has no federal constitutional right to parole."
Bermudez v. Duenas, 936 F.2d 1064, 1067 (9th Cir. 1991).  Early
release statutes can nevertheless create a liberty interest,
protected by due process guarantees.  Greenholtz v. Inmates of
Neb. Penal and Correctional Complex, 442 U.S. 1, 12 (1979).  A
state statute creates a liberty interest in parole release when
it uses language creating a "presumption that parole release will
be granted."  Board of Pardons v. Allen, 482 U.S. 369, 378
(1987).

Since a parole decision is not a criminal prosecution, "the
full panoply of rights due a defendant in such a proceeding is
not constitutionally mandated, even when a protected liberty
interest exists."  Pedro v. Oregon Parole Bd., 825 F.2d 1396,
1399 (9th Cir. 1987).  Accordingly, due process is satisfied
where "some evidence" supports the Board's decision.  Jancsek v.
Oregon Board of Parole, 833 F.2d 1389, 1390 (9th Cir. 1987).

The "some evidence" standard is "minimally stringent."  Cato
v. Rushen, 824 F.2d 703 (9th Cir. 1987).  "Ascertaining whether

this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." <u>Superintendent, Mass. Corr. Inst., Walpole v. Hill</u>, 472 U.S. 445, 444-56 (1985). "Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." <u>Id</u>.

Under ORS 144.228(1)(c), an Oregon prisoner sentenced as a dangerous offender can request an early parole consideration hearing before she is eligible for parole or a two-year review. If the Board finds, "based upon the request, that there is a reasonable cause to believe that the prisoner is no longer dangerous or that necessary supervision and treatment are available based upon the information provided in the request, it shall conduct a review as soon as is reasonably convenient."

Assuming, *arguendo*, that ORS 144.228(1)(c) creates a protected liberty interest, the Board's decision denying petitioner's request for an early parole consideration hearing did not violate her due process rights because it was based on "some evidence."

As respondents correctly point out, the Board twice reviewed Dr. Kupers' letter and both times found that it did not establish reasonable cause to believe that petitioner's dangerous condition was in remission. Resp. Ex. 103, 104. Dr. Kupers concluded that

petitioner was not dangerous though he had never met her in person.  His letter states that he based his conclusion on a single telephone conversation with petitioner, correspondence with her, and a review of unspecified documents.  Resp. Ex. 123, App. 1 at 2.

I concur with respondents that the failure to meet with petitioner face to face and the failure to identify either the documents reviewed or the source of those documents constitutes "some evidence" that Dr. Kupers' letter did not provide reasonable cause to believe petitioner was no longer dangerous.

In sum, I find no merit to petitioner's contentions that the Board violated her due process rights by denying her request for an early parole consideration hearing, or that the state courts' determination was contrary to Supreme Court precedent, or an unreasonable determination of the facts.  Accordingly, petitioner is not entitled to habeas corpus relief on ground one.

**B.    Ground Three**

In ground three, petitioner contends that under ORS 144.228(1)(b) she was entitled to be released within her matrix range (January 9, 1998 to January 9, 2002) because her dangerousness was absent or in remission as evidenced by Dr. Kupers' letter and the warden's letter.  In her supporting memoranda she further argues that the Board was required to set a parole consideration date within her matrix range under ORS

144.228 and Merriweather v. Board of Parole and Post-Prison
Supervision, 307 Or. 509, 770 P.3d 593 (1989), but erroneously
failed to do so based on her dangerous offender designation.
Doc. #46 at 9-10.  Finally, petitioner contends that the evidence
she provided the Board constitutes "reasonable cause" to believe
she is no longer dangerous, and "requires the Board to grant her
an early parole consideration hearing under OAR 255-38-005(4)."
Doc. # 46 at 16.  She argues that the Board's refusal to do so
"without addressing her evidence or documenting what would
constitute [reasonable cause] is not in good faith," and
constitutes a denial of her right to due process.  Id.

Respondents maintain that petitioner's due process rights
have not been violated by the Board setting her parole
consideration date outside her matrix range.  They argue that
under Teague v. Board of Parole, 105 Or. App. 1, 803 P.3d 279
(1990), petitioner must serve her mandatory minimum sentence
before she will receive a parole consideration date, and she will
not have completed her minimum sentence until 2009.

Under ORS 144.228(1)(a), a dangerous offender receives a
"date for a parole consideration hearing instead of an initial
release date as otherwise required under ORS 144.120 and
144.125."  The parole consideration hearing date "shall be the
time the prisoner would otherwise be eligible for parole under
the board's rules."  ORS 144.228(1)(a).  At the parole

consideration hearing, a dangerous offender "shall be given a release date in accordance with the rules of the board if the board finds the prisoner no longer dangerous or finds that the prisoner remains dangerous but can be adequately controlled with supervision and mental health treatment and that the necessary resources for supervision and treatment are available to the prisoner."  ORS 144.125(1)(b).

Notwithstanding ORS 144.228, under <u>Teague</u>, the earliest parole consideration hearing date for a dangerous offender serving a mandatory minimum sentence is the conclusion of her minimum sentence.  105 Or. App. at 4.  The Oregon Court of Appeals in <u>Teague</u> rejected an argument similar to the one petitioner makes here, finding instead that "The requirements of ORS 144.228, regarding the parole consideration date, do not conflict with the minimum term allowed by ORS 144.110."  <u>Id</u>. at 2.  In <u>Allred v. Board of Parole</u>, 124 Or. App. 278, 281, 862 P.2d 546, 547 (1993), the Oregon Court of Appeals came to the same conclusion.

According to petitioner, <u>Teague</u> and <u>Allred</u> are not on point because they do not address the version of ORS 144.228 in effect at the time of her sentencing, or her right to seek parole consideration before the expiration of the mandatory minimum term.  Doc. #52 at 2.  Instead, she argues that under <u>Merriweather</u>, the Board was required to set an initial parole

consideration date "as if an individual [were] not a dangerous offender."  307 Or. at 509 (1989); Doc. #46 at 6.

Petitioner's argument is unpersuasive for three reasons. First, since petitioner did not raise an *ex post facto* claim in state court, this court will not entertain arguments that otherwise applicable state case law does not apply to petitioner on that basis.  Second, Merriweather does not address whether the Board is required to set a parole consideration date within the matrix range when a petitioner is serving a mandatory minimum sentence.  Teague and Allred do address this question, and therefore control.  Third, the fact that Teague and Allred do not address petitioner's right to seek an early parole consideration hearing under ORS 144.228(1)(c), has no bearing on the applicability of Teague and Allred to the question of whether the Board erred in setting petitioner's parole consideration hearing date outside of her matrix range.  Notably, Merriweather does not address ORS 144.228(1)(c) either.

In petitioner's case, the Board set her parole consideration hearing date for March, 2009, based on her 30-year dangerous offender sentence with a 15-year minimum on one conviction for attempted murder, and her 20-year sentence with a 10-year minimum for the other conviction for attempted murder.  Since this date has not yet come to pass, and the Board has not overridden her minimum sentences, petitioner is not yet eligible for parole, or

24 – OPINION AND ORDER

entitled to a parole consideration hearing under ORS
144.228(1)(a).

As discussed above, while petitioner is correct that under
ORS 144.125(1)(c) she was entitled to request an early parole
consideration hearing before she is eligible for parole, she is
incorrect that the Board was required to grant this hearing.  The
Board's denial of petitioner's request was based on "some
evidence," which is all the process petitioner was due in this
context.

Therefore, I find no merit to petitioner's claim that the
Board violated her due process rights by setting her parole
consideration hearing date outside of her matrix range, or by
denying her an early parole consideration hearing.  Accordingly,
petitioner is not entitled to habeas corpus relief under ground
three.

**IV.  Motion for Evidentiary Hearing**

Petitioner argues she is at least entitled to an evidentiary
hearing in this court to show she is no longer a dangerous
offender.  However, because I find that the Board's decision was
based on "some evidence," additional evidence as to whether
petitioner is correctly designated a dangerous offender would not
dictate a contrary decision.

<u>**CONCLUSION**</u>

Based on the foregoing, petitioner's amended habeas corpus petition (Doc. #6) is DENIED.  Petitioner's Motion for Evidentiary Hearing (Doc. #46) is also DENIED.

IT IS SO ORDERED.

DATED this _1__ day of June, 2006.

                              _/s/  Malcolm F. Marsh_____
                              Malcolm F. Marsh
                              United States District Judge